IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| RHONDA K.,[1] | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 22 C 5192 |
| v. | ) | |
| | ) | Magistrate Judge |
| COMMISSIONER OF SOCIAL SECURITY, | ) | Maria Valdez |
| | ) | |
| Defendant. | ) | |
| | ) | |

## MEMORANDUM OPINION AND ORDER

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Rhonda K.'s claim for Disability Insurance Benefits ("DIB"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse and remand the Commissioner's decision [Doc. No. 15] is denied, and the Commissioner's cross-motion for summary judgment [Doc. No. 20] is granted.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by her first name and the first initial of her last name.

## BACKGROUND

### I. PROCEDURAL HISTORY

On July 31, 2020, Plaintiff filed a claim for DIB, alleging disability since July 8, 2020. The claim was denied initially and upon reconsideration, after which she timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on November 3, 2021, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On December 16, 2021, the ALJ denied Plaintiff's claim for benefits, finding her not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of July 8, 2020. At step two, the ALJ concluded that Plaintiff had the following severe impairments: chronic obstructive pulmonary disease (COPD); anemia; asthma; and osteoarthrosis. The

2

ALJ concluded at step three that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform light work with the following additional limitations: could never climb ladders, ropes, or scaffolds; could occasionally climb ramps and stairs and occasionally perform all other postural maneuvers; must avoid concentrated exposure to environmental irritants such as fumes, odors, dusts, gases, and poorly ventilated areas; and must avoid concentrated exposure to chemicals, unprotected heights, extreme cold, and extreme heat. At step four, the ALJ concluded that Plaintiff is capable of performing her past relevant work as a sales attendant and receptionist. Accordingly, the ALJ determined that Plaintiff is not disabled under the Social Security Act.

## DISCUSSION

### I. ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments

3

enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II. JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v. Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not

4

high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to

fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III.   ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ erred by failing to include limitations in the RFC consistent with Plaintiff's symptoms associated with her respiratory impairments; (2) the ALJ failed to properly evaluate Plaintiff's subjective complaints; and (3) the ALJ failed to properly consider the opinion of Dr. Susan Deakin. Each argument will be addressed below in turn.

#### A.   <u>The ALJ's Consideration of Plaintiff's Coughing Issues</u>

In advancing her first argument, Plaintiff contends that the ALJ erroneously "failed to consider the impact of all of Plaintiff's related respiratory symptoms and failed to explain how [the RFC] limitations were sufficient to accommodate Plaintiff's conditions." (Pl.'s Br. at 7.) In particular, Plaintiff asserts that the ALJ failed to sufficiently account for her "chronic uncontrollable coughing spells." (*Id.* at

6

8.) The Court must reject Plaintiff's arguments in that regard. The ALJ considered Plaintiff's issues with coughing throughout her decision, including with respect to Plaintiff's alleged symptoms, which will be discussed further below. In her RFC assessment, the ALJ included multiple climbing restrictions and specifically determined that Plaintiff "must avoid concentrated exposure to environmental irritants such as fumes, odors, dusts, gases, and poorly ventilated areas" and "must also avoid concentrated exposure to chemicals." (R. 21.) The ALJ also specifically delineated that the environmental restrictions were designed to "avoid triggering [Plaintiff's] cough." (*Id.* at 24.) So, contrary to Plaintiff's assertions, the ALJ did fulsomely consider her alleged coughing issues and specifically accommodated that condition in her RFC assessment. Accordingly, the Court finds Plaintiff's first argument unavailing.

      B.      <u>**The ALJ Subjective Symptom Evaluation**</u>

For her second argument, Plaintiff contends that the ALJ failed to properly evaluate her subjective symptoms. As with her first argument, Plaintiff focuses on her alleged difficulties with coughing. (Pl.'s Br. at 10-11.) In her decision, the ALJ noted Plaintiff's reports of "constant coughing" and her allegation that "once she started coughing, it was hard for her to stop." (R. 22.) The ALJ further detailed Plaintiff's testimony "that she had a cough for about twenty years, but it worsened recently." (*Id.*) However, overall, the ALJ determined that Plaintiff's alleged symptoms were not entirely consistent with the medical evidence and other evidence in the record.

7

In finding Plaintiff's allegations related to coughing not entirely credible, the ALJ reasoned that Plaintiff's "September 2019 pulmonary function test showed mild airflow obstruction without significant bronchodilator response and some air trapping, but normal diffusion capacity" and showed Plaintiff's "lungs were clear to auscultation without wheezing, rales, or rhonchi." (R. 22.) The ALJ further noted that Plaintiff's "July 2020 chest x-ray showed clear lungs without pneumothorax, pleural effusions, or focal consolidation." (*Id.* at 23.) The ALJ also explained that "during August of 2020, the claimant had normal pulmonary effort and was not in pulmonary distress" and "[u]pon examination, the claimant had normal breath sounds" and Plaintiff "was negative for cough, choking, chest tightness, or shortness of breath." (*Id.*). Additionally, the ALJ reasoned that Plaintiff's "October 2020 pulmonary function test indicated no evidence of airflow obstruction, lung volume restriction, or significant bronchodilator response, and she had normal diffusion capacity." (*Id.*)

This Court gives "the ALJ's credibility finding special deference and will overturn it only if it is patently wrong." *Summers v. Berryhill*, 864 F.3d 523, 528 (7th Cir. 2017) (internal quotations and citation omitted). "[P]atently wrong . . . means that the decision lacks any explanation or support." *Murphy v. Colvin*, 759 F.3d 811, 816 (7th Cir. 2014) (citation omitted). Under that standard, the Court finds that, per the ALJ's explanation and support outlined above, the ALJ reasonably determined that Plaintiff's allegations concerning her coughing issues were not fully corroborated. *See Prill v. Kijakazi*, No. 21-1381, 2022 U.S. App.

8

LEXIS 1072, at *23 (7th Cir. Jan. 13, 2022) ("Substantial evidence supports the ALJ's determination that Prill's account of her subjective symptoms was not consistent with her medical records."); *Ray v. Saul*, 861 F. App'x 102, 107 (7th Cir. 2021) ("Because the ALJ's weighing of [claimant's] reported symptoms in the context of the whole record is supported by substantial evidence, we find no reversible error on this front either."); *cf. Lacher v. Saul*, 830 F. App'x 476, 478 (7th Cir. 2020) ("The ALJ's rationale here was thin, but it was adequate to reflect her conclusion that the objective medical evidence and Lacher's daily activities did not corroborate his subjective symptoms.").

In particular, Plaintiff takes issue with the ALJ's consideration of her activities of daily living. On that topic, the ALJ noted that Plaintiff was able to clean, cook, care for herself, and shop with some difficulties. The ALJ determined that Plaintiff's "activities of daily living are . . . consistent with her residual functional capacity." (R. 24.) The Court finds Plaintiff's challenge concerning her daily activities unconvincing. As Defendant points out, "[t]he ALJ never said that plaintiff's activities contradict her alleged symptoms" but rather "concluded that plaintiff's activities were consistent with her RFC." (Def.'s Memo. at 11.) It was appropriate for the ALJ to consider that Plaintiff's daily activities aligned with the RFC assessment and the accommodations provided therein. And, ultimately, Plaintiff has not shown that the ALJ's evaluation of her subjective symptoms was "patently wrong," as was Plaintiff's burden. *See Horr v. Berryhill*, 743 F. App'x 16, 19–20 (7th Cir. 2018).

9

## C.     <u>The ALJ's Assessment of Dr. Susan Deakin's Opinions</u>

For her third argument, Plaintiff contends that the ALJ improperly discounted the opinions of Dr. Susan Deakin, her treating physician. Because Plaintiff filed her claim in 2020, the ALJ was required to evaluate the medical opinion evidence under regulations applicable to claims filed on or after March 27, 2017. 20 C.F.R. § 404.1520c (2017). Under these regulations, the ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a). An ALJ is instead required to articulate "how persuasive [she] find[s] all of the medical opinions and all of the prior administrative medical findings in [a claimant's] case record." 20 C.F.R. § 404.1520c(b). Factors to be considered in this evaluation include supportability, consistency, relationship with the claimant, specialization, and other factors that tend to support or contradict a medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(a), (c). Supportability and consistency are the two most important factors. 20 C.F.R. § 404.1520c(a); *see* 20 C.F.R. § 404.1520c(c)(2) ("The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be."). An ALJ's decision must explain how she considered the factors of supportability and consistency, but she is not required to explain how she evaluated the other factors. 20 C.F.R. § 404.1520c(b)(2).

In her decision, the ALJ noted Dr. Deakin's opinions as to Plaintiff's lifting, carrying, standing, walking, pushing, pulling, reaching, climbing, and balancing restrictions. The ALJ then assessed Dr. Deakin's opinions as follows:

> [Dr. Deakin's] opinion is less persuasive because it is not fully supported by her treatment notes of the claimant. For example, the claimant presented without arthralgias and with normal ranges of motion in her extremities. The claimant did have cough, shortness of breath, and fatigue, but she also had normal pulmonary effort and normal breath sounds upon examination. This opinion is also less persuasive because it is not fully consistent with the evidence in the record. For example, the claimant maintained normal ranges of motion in her extremities. The claimant also had normal muscle strength and tone. The claimant would not require as severe of exertional or postural limitations. However, the claimant did have knee pain, worse when climbing stairs. Therefore, she could only occasionally climb ramps and stairs but never climb ladders, ropes, or scaffolds. In addition, the claimant would require some, but not all, of the environmental limitations indicated by Dr. Deakin. For example, the claimant continued to report cough and shortness of breath, worse with exertion. Her triggers included perfumes, detergents, scents, cleaning chemicals, environmental allergens, and poor air quality.

(R. 25-26 (citations omitted).) So, in sum, the ALJ discounted Dr. Deakin's opinions because they were not supported by the doctor's treatment notes, not supported by Plaintiff's examination results, and not consistent with the record and Plaintiff's demonstrated physical capabilities. Given the ALJ's explicit rationales, the Court finds that the ALJ properly assessed and explicated supportability and consistency in discounting Dr. Deakin's opinions. *See* 20 C.F.R. § 404.1520c(b)(2). Accordingly, the Court rejects Plaintiff's final argument.[2]

---

[2] Plaintiff contends that because Plaintiff's "alleged disability is related to her respiratory ailments" the ALJ erred in that she "failed to explain how the normal musculoskeletal findings are even relevant to consideration of Dr. Deakin's opinion." (Pl.'s Br. at 14.) That argument is easily disposed of. Of course, given that Dr. Deakin opined as to Plaintiff's

11

## CONCLUSION

For the foregoing reasons, the points of error raised by Plaintiff are not well taken. Accordingly, Plaintiff's motion to reverse and remand the Commissioner's decision [Doc. No. 15] is denied, and the Commissioner's cross-motion for summary judgment [Doc. No. 20] is granted.

**SO ORDERED.**  **ENTERED:**

**DATE:** **May 25, 2023**

**HON. MARIA VALDEZ**
**United States Magistrate Judge**

---

*physical* limitations, it was entirely appropriate for the ALJ to consider Plaintiff's physical examination findings.